**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

FRANKLIN COUNTY MEMORIAL HOSPITAL                              PLAINTIFF

VS.                                                 CIVIL ACTION NO. 3:06CV423HTW-LRA

HORIZON MENTAL HEALTH MANAGEMENT, INC.        DEFENDANT/COUNTER
                                                                                                CLAIMANT
VS.

FRANKLIN COUNTY MEMORIAL HOSPITAL,
BOARD OF TRUSTEES OF FRANKLIN COUNTY
MEMORIAL HOSPITAL, BOARD OF SUPERVISORS
OF FRANKLIN COUNTY, MISSISSIPPI                     COUNTER DEFENDANTS

### ORDER DENYING MOTION TO REMAND

Before this court is the motion of the plaintiff Franklin County Memorial Hospital, a Mississippi corporation, to remand this case under Title 28 U.S.C. § 1447(c)[1] to the state court from which it came here. On July 20, 2006, the plaintiff Franklin County Memorial Hospital filed a complaint for declaratory judgment in the Franklin County, Mississippi, Chancery Court seeking to declare invalid an agreement with the defendant Horizon Mental Health Management, a corporate resident of the State of

---

[1] Title 28 U.S.C. § 1447(c) provides that a, "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

Texas. The defendant removed this case on July 31, 2006, under Title 28 U.S.C. §1332,[2] diversity of citizenship. Now, the plaintiff seeks remand.

The plaintiff's motion to remand contests this court's subject matter jurisdiction, arguing that a complaint for declaratory judgment which does not plead a specific amount in controversy, but, instead, seeks only to determine the validity of a contract, is insufficient to invoke this court's diversity jurisdiction pursuant to Title 28 U.S.C. §1332. *See Riley v. Moreland*, 537 So.2d 1348, 1351 (Miss. 1989) (holding that declaratory judgment is not a demand against the defendant for payment of an amount). Instead, says the plaintiff, the complaint for declaratory relief seeks only to determine whether a contract is valid and enforceable. This court does not agree.

In *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, overruling *Swift v. Tyson*, 16 Pet. 1, 10 L.Ed. 865, the United States Supreme Court found that federal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes. *Erie* also directs federal courts to apply federal procedural law.

In *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), the United States Supreme Court set out a determinative test to be used when deciding whether a state law is substantive or procedural. Under *Hanna*, the court must first determine whether the state law conflicts with a Federal Rule of Civil Procedure. *Id.*,

---

[2]Title 28 U.S.C. § 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ... "

2

380 U.S. at 471, 85 S.Ct. 1136.  If the court concludes that the state law conflicts with a Federal Rule of Civil Procedure, the court is instructed to "apply the Federal Rule."  *Id*.  Furthermore, although state law may dictate the nature of the claim asserted and what amounts are actually at stake, federal law will determine whether the amounts exceed the statutory minimum necessary for diversity jurisdiction under Title 28 U.S.C. § 1332.  *See* 15 *Moore's Federal Practice*, § 102.101 (Matthew Bender 3d ed).

Applying federal law to the question of the amount in controversy, this court measures the amount by the object of the litigation.  *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).  For instance, in the case of a plaintiff's request for injunctive relief, the amount in controversy would be the "monetary value of the benefit that would flow to the plaintiff if the injunction were granted."  *See Smith v. GTE Corporation*, 236 F.3d 1292, 1309 (11th Cir. 2001).  In an action for declaratory relief, the amount in controversy for diversity jurisdiction purposes is "'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Insurance Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002), quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Puckett Machinery Company v. United Rentals, Inc.*, 342 F.Supp.2d 610, 615 (S.D. Miss. 2004) (the amount in controversy in a declaratory judgment action is measured by the losses that will follow from the enforcement of the agreement).  This court may look to "'summary judgment type'" evidence to determine the amount in controversy.  *Hartford Insurance Group*, 293 F.3d at 910, quoting *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998).

In the instant case, Horizon Mental Health's evidence shows that the agreement under which Franklin Memorial did business with Horizon Mental Health for four years led to the amassing of debt owed by Franklin Memorial to Horizon Mental Health in excess of $360,000.00, and, if not in that exact amount, in some other amount in excess of $75,000.00.  Horizon Mental Health also shows that in Franklin Memorial's complaint there appears the assertion that Horizon claims it is owed "in excess of Three Hundred Sixty Thousand Dollars ($360,000.00)."  See Exhibit "A" at 3.  Thus, says Horizon Mental Health, Franklin Memorial has acknowledged what Horizon Mental Health believes its claim under the agreement to be worth.  Thus, Franklin Memorial is seeking to prevent the collection of a claim in this amount.  Only in its motion to remand, says Horizon Mental Health, does Franklin Memorial argue that the amount in controversy does not exceed $75,000.00.

Therefore, this court finds that Horizon Mental Health has established by a preponderance of the evidence that the amount in controversy in this case more likely exceeds $75,000.00.  *DeAguilar v. Boeing Company*, 47 F.3d 1404, 1409 (5th Cir. 1995).  Consequently, the motion of Franklin County Memorial Hospital to remand this case to the Franklin County Chancery Court [contained in **Docket Nos. 2 & 4**] is denied.  The parties are directed to contact the United States Magistrate Judge in order to prepare and enter a Scheduling Order.

**SO ORDERED** this the 13th day of March, 2007.

                                                s/ HENRY T. WINGATE
                                              CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:06-CV-423-HTW-LRA
Order Denying Motion to Remand